UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEVIN REED,<br><br>    Defendant. | Case No. 24-20380<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION IN LIMINE [43]**

Devin Reed has several prior felony convictions due to breaking and entering into pharmacies. So when a police investigation revealed that on May 25, 2024, Reed had a firearm, he was charged in a federal criminal complaint with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) He was subsequently indicted on the same charge on July 17, 2024 (ECF No. 12) and arraigned two weeks later (ECF No. 13). As the case progressed, the parties submitted one stipulated order to extend the scheduling order dates. (ECF No. 21.) The Court also granted a government motion to adjourn the trial to enable the government to complete expert discovery and the defendant to review discovery with his counsel. (ECF No. 37.) This adjournment, and defense counsel's conflicting trial schedule, resulted in a new trial date of February 26, 2025. (ECF Nos. 38, 42.)

Prior to trial, Reed filed a motion that he designated a "motion in limine." (ECF No. 43.) The motion, however, does not ask the Court to make any pre-trial

evidentiary rulings. Instead, Reed asked the Court to dismiss the indictment on the following grounds: (1) violations of his speedy trial rights; (2) the evidence against him should be suppressed; and (3) the charge violated his Second Amendment rights. (ECF No. 43.) Reed also moved to compel the government to produce all grand jury transcripts. (*Id.*) In addition to being untimely, Reed's arguments lack merit. Thus, the motion is DENIED.

## I.

The Federal Rules of Criminal Procedure grant district courts broad discretion to set deadlines for filing pretrial motions. *See* Fed. R. Crim. P. 12(c). A pretrial motion "is untimely if filed after a deadline set by the district court pursuant to Rule 12(c)(1)." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017). "But a district court may entertain an untimely motion 'if the party shows good cause.'" *United States v. Gulley*, 780 F. App'x 275, 282 (6th Cir. 2019) (quoting *Trujillo-Molina*, 678 F. App'x at 337). Good cause is a "flexible standard," but requires at least "some legitimate explanation for the failure to timely file." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010).

Here, the cut-off date for pretrial motions was October 22, 2024. (ECF No. 21.) Reed offers no explanation for the late filing. Instead, he titles the motion a "motion in limine," for which the deadline was January 17, 2025. (ECF No. 42.) But the Court is not fooled. The filing raises legal issues. It has nothing to do with resolving evidentiary issues likely to arise at trial. *See P&M Corp. Fin., LLC v. Paparella*, No. 10-10448, 2010 U.S. Dist. LEXIS 112907, at *5 (E.D. Mich. Oct. 22, 2010) ("A court,

however, is not bound by how a party labels its motion, and the relief sought should be determined by the substance, not the label."). But because the legal issues raised lack merit in any event, the Court will briefly address them.

## A.

Reed believes his Speedy Trial Act rights were violated when the Court granted the government's motion to adjourn the December 3, 2024, date. (ECF No. 43, PageID.131–132.) He is wrong.

The Speedy Trial Act requires that in any case in which the defendant has not entered a guilty plea, trial must commence within 70 days of the filing of the indictment or the arraignment, whichever occurs later. 18 U.S.C. § 3161(c)(1); *United States v. Tinklenberg*, 563 U.S. 647 (2011). The Act also includes a list of delays that must be excluded from the 70-day period. 18 U.S.C. § 3161(h); *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009). This includes delay due to pretrial motions and continuances. 18 U.S.C. § 3161(h). If the defendant is not brought to trial within the 70-day limit, and the Act does not exclude the delays, the district court must dismiss the case, with or without prejudice, on the defendant's motion. 18 U.S.C. § 3162(a)(2); *United States v. Myers*, 666 F.3d 402, 404 (6th Cir. 2012). "Once the defendant establishes a prima facie case that the government violated the Act (a simple matter of producing a calendar and showing that more than seventy days have passed since the indictment (or first appearance) and trial has yet to begin), the government has the burden of proving excludable time by a preponderance of the evidence." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996).

Reed was arraigned on August 1, 2024, two weeks after the filing of the indictment. The date of the arraignment is excluded from the speedy trial clock. *See United States v. Crawford*, 982 F.2d 199, 203 (6th Cir. 1993) (citing 18 U.S.C. § 3161(h)(1)). So without any other excludable delay, the government was required to bring him to trial by October 11, 2024. The trial, however, is scheduled for February 26, 2025, which is 139 days later. Thus, Reed has satisfied his burden. But so too has the government. When the Court addressed this issue at the final pretrial conference, the government (and the Court) explained why this time was excludable.

To reiterate, prior to the October 11, 2024, date, the parties filed a stipulated order to adjourn the October 1, 2024, trial date. (ECF No. 21.) They asked the Court to "find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial." (*Id*. at PageID.53.) The Court made this "ends of justice" finding in an August 26, 2024, order and excluded the 99 days from that date to the newly scheduled trial date of December 3, 2024. (*Id*. at PageID.54–55.)

Subsequently, on November 27, 2024, the Court granted the government's motion for an "ends of justice" continuance of the trial date pursuant to 18 U.S.C § 3161(h)(7)(B)(iv). (ECF No. 37.) As a result, the Court found that the time from December 3, 2024, through the newly scheduled February 26, 2025, trial date—i.e., 85 days—qualified as excludable delay under § 3161(h)(7).

4

Thus, considering the proper exclusionary periods, there has been no violation of Reed's rights under the Speedy Trial Act.[1]

## B.

Reed next contends that the adjournment of his December 3, 2024, trial date violated his Sixth Amendment right to a speedy trial. (ECF No. 43, PageID.132.) Reed says he was prejudiced by the adjournment because he was prepared for trial, the additional time allowed the government to build a stronger case against him, and the parties' protective order limits his ability to assist in his defense. (*Id.*)

In *United States v. Allen*, the Sixth Circuit, citing relevant Supreme Court and Sixth Circuit authority, reiterated the governing law:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.] This speedy-trial right exists to protect presumptively innocent defendants from languishing in jail while the government doddles to prosecute them. The word "speedy" might suggest that a trial must occur without *any* delay no matter the reason, but the Supreme Court has never interpreted the clause in a literal fashion. It has reasoned that it cannot identify "with precision" what amount of delay will violate this "vague" speedy-trial right.
>
> Rather than set a fixed time period, *Barker* [*v. Wingo*, 407 U.S. 514, 521 (1972),] selected a "balancing test" that decides each speedy-trial claim

---

[1] Nor was there any error in the granting of the government's request. The Speedy Trial Act expressly allows the government to obtain a continuance if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In making this determination, one factor the Court is directed to consider is whether failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv). Thus, Reed's upset that he was prepared to go to trial but the continuance gave the government more time to prepare is not a violation of his speedy trial rights. And the Court was concerned that Reed was not prepared for trial given that the government had not yet produced all of its expert disclosures.

on an "ad hoc basis." It identified four questions for courts to ask when confronted with such a claim: How long was the delay? What was the reason for it? Did the defendant timely assert this speedy-trial right? And what prejudice, if any, has the defendant suffered? To resolve the claim, a court must "engage in a difficult and sensitive balancing" of these four factors along with any other "relevant" circumstance.

86 F.4th 295, 304–05 (6th Cir. 2023) (first alteration in original) (citations omitted).

While Reed neglects to undertake this analysis, the Court will do so.

First, the length of the delay. "To begin with, the Supreme Court has held that a delay must be sufficiently 'long' to trigger any other factor. In other words, the 'customary' delays during any litigation—such as a five-month delay—automatically pass muster under the Sixth Amendment. But a delay longer than a year presumptively meets this 'threshold' requirement." *Id.* at 304 (citations omitted). The length of delay "is measured from the earlier of the date of arrest or the date of indictment." *United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011). Here, Reed initially consented to detention on July 2, 2024, following his arrest. (ECF No. 10.) At the time he filed this motion, he had been detained about six months, and with a February trial date his pre-trial detention period will be less than eight months. This certainly does not seem "uncommonly long," but recognizing there is case law supporting Reed's position as well, the Court will briefly consider the other factors. *Compare United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002) (holding that nearly nine-month delay was not presumptively prejudicial), *with United States v. Chew*, 497 F. App'x 555, 558 (6th Cir. 2012) (recognizing that "there is authority for the proposition that a delay of as little as eight months may be considered 'presumptively prejudicial,' triggering consideration of the other *Barker* factors").

6

The next inquiry is the reason for the delay. This factor can weigh against the government if the government engineers a delay in bad faith "to hamper the defense" or obtain a tactical advantage or causes the delay for an invalid reason but without any bad intent. *Allen*, 86 F.4th at 304. But this factor weighs in favor of the government if it identifies a legitimate reason for the delay or if the defendant causes it. Here, the government requested the continuance because it was concerned that the timing of its expert disclosures might not "be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." (ECF No. 30, PageID.78 (quoting Fed. R. Crim. P. 16(a)(1)(G)(ii)).) Some of the delay in the disclosure of expert evidence was defense-driven as Reed did not make a pre-trial request for such disclosures as required by Federal Rule of Criminal Procedure 16(a)(1)(G)(i). The parties also stipulated to a prior adjournment of the scheduling order, including the trial date, to allow defendant additional time to review discovery and consider pre-trial motions and to engage in plea discussions. (ECF No. 21.) So this factor does not favor Reed.

Third, when considering whether a defendant has adequately raised a speedy-trial objection, courts consider both how early a defendant has asserted this right and how often the defendant has done so. *Allen*, 86 F.4th at 305. Reed only asserted this right in his opposition to the government's motion for a continuance. (ECF No. 34.) Reed's "motion in limine" simply re-asserts the argument he previously lost. This factor does not weigh in Reed's favor either.

Last is prejudice. If the government has a valid excuse for the delay, "defendants must show actual defense-related prejudice or their speedy-trial claims "will generally fail." *Allen*, 86 F.4th at 306. Reed has not made such a showing. Indeed, the basis for the relatively modest delay was to make sure that Reed's defense did not suffer from having inadequate time to address the government's experts or to review all of the discovery. Nor does the parties' stipulated protective order limiting the discovery Reed can possess cause any undue prejudice. The sensitive information covered by the order has been provided to defense counsel and he is free to review it with Reed. The Court, though, does not overlook that Reed will suffer some prejudice by being incarcerated. "But *Barker* does not treat physical incarceration as the 'most serious type of prejudice.'" *Id.* at 307. And unlike *Barker*, the delay here is not extraordinary.

Thus, the continuance of Reed's trial date did not violate his Sixth Amendment rights.

## C.

Reed also "moves this Court for suppression of evidence, specifically DNA results, CDRs Information, and report of ATF Cell Tower Expert." (ECF No. 43, PageID.133.) He again asserts as prejudice that he was ready for trial and the government was given additional time to prepare its case against him.

But that is not a basis to suppress evidence. Instead, "Courts are required to suppress evidence that is directly or indirectly 'the tainted fruit of unlawful governmental conduct.'" *United States v. Waide*, 60 F.4th 327, 338 (6th Cir. 2022)

(quoting *Nix v. Williams*, 467 U.S. 431, 441 (1984)); *see also United States v. McCoy*, 905 F.3d 409, 413 (6th Cir. 2018) ("The exclusionary rule usually prevents the government from using illegally obtained evidence in a criminal proceeding against the victim of the unlawful search and seizure.").

Reed makes no argument, let alone showing, that the evidence he seeks to suppress was unlawfully seized or obtained in any way.

Nor does the evidence need to be excluded because it may not have been available by the previously scheduled December 3, 2024, trial date. As explained, this was not a violation of Rule 16, and it presented a legitimate reason to adjourn the trial, i.e., allowing Reed additional time to address this evidence.

### D.

Next, Reed moves to dismiss the indictment on the ground that the felon in possession statute violates the Second Amendment on its face and as applied to his case pursuant to the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (ECF No. 43, PageID.135.) Recent Sixth Circuit case law forecloses this argument.

In *United States v. Williams*, the Sixth Circuit held that "most applications of § 922(g)(1) are constitutional," and thus "the provision is not susceptible to a facial challenge." 113 F.4th 637, 657 (6th Cir. 2024). The *Williams* Court further held that on an as-applied challenge to § 922(g)(1) under the Second Amendment, the defendant has the "burden to demonstrate that he is not dangerous." *Id*. Reed argues that he is not dangerous because "[m]ost of [his] convictions are theft-related crimes

and not crimes of violence." (ECF No. 43, PageID.135.) But being convicted of a crime of violence is not the test.

As revealed in Reed's criminal complaint in this case and the sentencing memoranda from his prior federal case, Reed has prior state court convictions for breaking and entering multiple pharmacies with intent and a 2019 federal conviction for possession with intent to distribute controlled substances. This latter conviction also involved a breaking and entering into a pharmacy—Reed and several other people broke into a Walgreens and stole two safes filled with prescription medications that Reed intended to distribute. *See United States v. Reed.*, No. 18-20697 (E.D. Mich. Oct. 16, 2018), ECF. No. 36. According to the Sixth Circuit, "[a] person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed . . . a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking." *Williams*, 113 F.4th at 663. And the Court stated that an individual who has committed drug trafficking "will have a very difficult time, to say the least, of showing he is not dangerous." *Id*. Additionally, Reed's prior convictions for the same pattern of dangerous conduct—breaking and entering with intent—"evince a likelihood of future dangerous conduct." *See United States v. Goins*, 118 F.4th 794, 804 (6th Cir. 2024). Because Reed "availed himself of his constitutionally required opportunity to show that he is not dangerous," and "[b]ecause his record demonstrates that he is dangerous," the Court rejects his challenge to his § 922(g)(1) conviction. *See United States v. McNeal*, No. 24-5026, 2024 U.S. App. LEXIS 28316, at *3 (6th Cir. Nov. 6, 2024) (quoting *Williams*, 113 F.4th at 663); *see also United States v. Clay*, No.

24-20358, 2025 U.S. Dist. LEXIS 1970, at *7 (E.D. Mich. Jan. 6, 2025) ("Defendant's convictions for possession with intent to distribute a controlled substance, breaking and entering, and felon in possession of a firearm fall squarely into the second *Williams* category and are sufficient to find Defendant dangerous.").

## E.

Finally, Reed seeks an order compelling the government to produce all grand jury transcripts. (ECF No. 43, PageID.135.) He says he has "a particular need to obtain grand jury transcripts of witness testimony for impeachment at trial." (*Id*.)

The Jencks Act requires the government to produce any statements made by its witnesses that relate to "the subject matter as to which the witness has testified" and that the government has in its "possession." 18 U.S.C. § 3500(b). The Act requires the government to produce these statements only after the witness "has testified on direct examination." *Id*. The Court's scheduling order encourages the government to produce this information prior to trial and, at the final pretrial conference, the government advised it would be immediately producing all Jencks material except as to one witness due to safety concerns. The government committed to produce that witness' statement one week before trial.

The government has adhered to these representations and the Jencks Act. In its response brief, the government advises that it has "produced all Jencks Act material, including grand jury transcripts, except for those of which premature disclosure raises safety concerns to witness(es)" and even those will be produced by February 19, 2025. (ECF No. 44, PageID.140.) Reed has not demonstrated a

11

"particularized need" to receive this testimony earlier. He either has, or will have, the grand jury testimony in sufficient time to utilize it effectively at trial. Thus, there is nothing to compel.

## II.

For these reasons, Reed's pre-trial motion (ECF No. 43) is DENIED.

SO ORDERED.

Date: 1/28/2025

<u>s/Laurie J. Michelson</u>
U.S. District Judge